IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

    **Plaintiff,**

    v.                              CASE NO. 21-3247-SAC

JEFF ZMUDA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Anthony Leroy Davis, who is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas, brings this *pro se* civil rights case under 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (Doc.3).

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

Plaintiff's allegations in his Complaint are based on an incident occurring on January 11, 2020. He claims a failure to properly respond to the incident and that he is not receiving proper

---

[1] *See Davis v. Bacon*, 234 F. App'x 872, 874 (10th Cir. 2007) (dismissing Plaintiff's appeal as frivolous and finding Plaintiff now has three qualifying strikes under 28 U.S.C. § 1915(g)).

1

medical care based on his injuries. Plaintiff also claims that his discharge date is not being properly calculated. "To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and attachments and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $402.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 3) is **denied**. Plaintiff is granted until **November 17, 2021,** to submit the $402.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS SO ORDERED.**

**Dated October 26, 2021, in Topeka, Kansas.**

> **s/  Sam A. Crow**
> **SAM A. CROW**
> **U. S. Senior District Judge**